tUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN DAVID PALACIOS OBREGON,<br><br>                    Petitioner(s),<br><br>    v.<br><br>PAMELA BONDI,[1]<br><br>                    Respondent(s). | CASE NO. C26-0484-KKE<br><br>ORDER DENYING MOTION FOR A<br>TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Julian David Palacios Obregón's motion for a temporary restraining order ("TRO").  Dkt. No. 2.  As explained below, Petitioner's motion does not establish a likelihood of imminent, irreparable harm warranting emergency relief. Accordingly, the Court will deny the motion.

## I.    BACKGROUND

Petitioner is a national and citizen of Colombia currently detained at the Northwest Immigrant Processing Center in Tacoma, Washington.  Dkt. No. 1 at 1, Dkt. No. 2 at 1.  On February 9, 2026, he filed a document titled "Declaration of Julian David Palacios Obregón[.]" Dkt. No. 1 at 2–10.  Because his other filings make clear Petitioner intends to seek habeas relief, the Court construes this declaration as his habeas petition.  *See* Dkt. No. 1 at 1 (referencing

---

[1] Attorney General Pamela Bondi is substituted for William P. Barr pursuant to Federal Rule of Civil Procedure 25(d).

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

Petitioner's "Habeas Corpus petition"), Dkt. No. 2 at 1 (same). In his petition, Petitioner states that he has been in custody since December 1, 2024, when he was detained upon crossing the United States border from Canada. Dkt. No. 1 ¶ 48. Shortly before crossing the border, he applied for asylum by filing a form I-589 with U.S. Citizenship and Immigration Services. *Id.* ¶ 47. Attached to Petitioner's TRO motion is a Notice to Appear indicating that ICE charged him as removable under Section 212(a)(7)(A)(i)(l) of the Immigration and Nationality Act and that Petitioner was scheduled to appear before an immigration judge on March 4, 2025. Dkt. No. 2 at 3.

Proceeding *pro se*, Petitioner filed a petition for a writ of habeas corpus and, concurrently, a TRO motion. Dkt. Nos. 1, 2. The TRO motion seeks an order enjoining ICE from transferring Petitioner outside this District while his petition is pending. Dkt. No. 2 at 1. The United States Attorney's Office filed an opposition to the motion. Dkt. No. 5. And the motion is now ripe for consideration.

## II.   DISCUSSION

The legal standard governing TROs is "substantially identical" to the standard governing preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Id.* at 20.

Here, Petitioner has not made a clear showing that he would suffer irreparable harm absent emergency relief. His motion states that "ICE retains discretion to transfer detainees" and that

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER - 2

Petitioner fears he will be imminently transferred. Dkt. No. 2. But Petitioner does not allege any facts, beyond this generalized fear, suggesting ICE actually intends to transfer him while his petition is pending. To the contrary, the scheduling order entered in this case—and in every immigration habeas case (*see* W.D. Wash. Gen. Order 10-25)—requires Respondent to provide Petitioner "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer" Petitioner from this District or the United States. Dkt. No. 4 at 2. The United States Attorney's Office has confirmed that ICE will comply this order. Dkt. No. 5 at 2. If ICE provides notice that it intends to imminently transfer Petitioner from this district, Petitioner may seek emergency relief at that time.

However, because Petitioner has not, at this time, shown that he is likely to suffer irreparable harm absent a TRO, the Court will deny his motion.

### III.  CONCLUSION

Accordingly, Petitioner's motion for a temporary restraining order is DENIED. Dkt. No. 2. The Clerk is DIRECTED to amend the caption to reflect that Attorney General Pamela Bondi has been substituted for William P. Barr.

Dated this 11th day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER - 3