UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN DAVID PALACIOS OBREGON, | CASE NO. C26-0484-KKE |
| Petitioner(s), | ORDER NOTIFYING RESPONDENT OF EX PARTE COMMNUICATION AND PROVISIONALLY GRANTING AND DIRECTING RESPONDENT TO RESPOND TO TELEPHONIC MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| PAMELA PONDI, | |
| Respondent(s). | |

This matter comes before the Court on a telephonic motion for a temporary restraining order ("TRO") made by Petitioner, proceeding pro se. The Court enters this order to advise Respondent of the substance of the ex parte communication, to provisionally enjoin Respondent's transfer or removal until his motion can be adjudicated, and to provide Respondent the opportunity to respond. The Court will also grant Petitioner's request to appoint counsel and refer this case to the Office of the Federal Public Defender.

On February 12, 2026, just before 5:00pm, Petitioner contacted chambers from the Northwest Immigrant Processing Center ("NWIPC") via telephone to inform the Court that Immigration and Customs Enforcement ("ICE") has notified him it intends to remove him to Canada tomorrow morning. Petitioner stated that he intends to move for a TRO enjoining his removal until his pending habeas petition can be adjudicated and that he did not have time to file a motion via mail given that ICE intends to remove him early tomorrow. Petitioner also stated that

ORDER NOTIFYING RESPONDENT OF EX PARTE COMMNUICATION AND PROVISIONALLY GRANTING AND DIRECTING RESPONDENT TO RESPOND TO TELEPHONIC MOTION FOR TEMPORARY RESTRAINING ORDER - 1

he has been granted withholding of removal to Colombia.  Finally, Petitioner requested that he be appointed counsel, and he explained that has no money to pay an attorney.

Three days ago, Petitioner filed an initial TRO seeking an order barring his removal pending adjudication of his petition.  *See* Dkt. No. 1.  The Court subsequently filed a scheduling order, which requires Respondent "to provide [Petitioner] at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer [Petitioner] from the Western District of Washington or to remove them from the United States."  Dkt. No. 4 at 2.  In opposition to Petitioner's first TRO, Respondent stated that "ICE is aware of the Court's notice requirement and will comply with the order."  Dkt. No. 5 at 2.  Respondent further stated, "[d]ue to the notice requirements in the Court's scheduling order, … Petitioner cannot establish a threat of imminent, irreparable harm, as ICE cannot remove Petitioner from the United States or transfer him to another facility without first providing at least 48-hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed), which ICE has not done."  *Id.*  The Court denied the initial TRO on this basis, holding that Petitioner had not shown a likelihood of irreparable harm in light the scheduling order's notice requirement and Respondent's assurance that ICE had not yet provided such notice and intended to comply.  Dkt. No. 7.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").  The Court finds that Petitioner has made a showing of imminent, irreparable harm that is likely to occur before Respondent can be heard in opposition to this motion.  Further, his representation that ICE intends to remove him to Canada on less than 24 hours' notice raises a substantial question as to whether ICE is complying with this Court's scheduling order and

ORDER NOTIFYING RESPONDENT OF EX PARTE COMMNUICATION AND PROVISIONALLY GRANTING AND DIRECTING RESPONDENT TO RESPOND TO TELEPHONIC MOTION FOR TEMPORARY RESTRAINING ORDER - 2

whether his removal to a third country complies with Petitioner's rights under the Fifth Amendment and the Immigration and Nationality Act. *See Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724 (W.D. Wash. Nov. 17, 2025). The Court will therefore enter provisional relief temporarily enjoining Petitioner's removal.

Having reviewed Petitioner's habeas petition (Dkt. No. 1), his first TRO motion (Dkt. No. 2), and his representation to chambers as described above, the Court further finds that, because of the complex issues involved in this case, the interests of justice require that counsel be appointed for Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's motion for TRO is provisionally GRANTED IN PART pending Respondent's response to Petitioner's renewed motion for a temporary restraining order. **Assistant United States Attorney Jordan Carter Stevenson is ORDERED TO IMMEDIATELY take action to prevent any transfer of Petitioner from NWIPC.**

    a. Respondent and ICE are PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

    b. Respondent is DIRECTED to file a declaration no later than February 13, 2026, confirming, in accordance with the scheduling order, this order, and Respondent's prior assurances, that Petitioner has not been removed from the United States.

    c. Respondent is further DIRECTED to file a response to Petitioner's renewed motion for temporary restraining order no later than February 17, 2026.

(2) The Court GRANTS Petitioner's request for appointment of counsel.

  a. This matter is referred to the Office of the Federal Public Defender for review.

  b. The Court requests that the Office of the Federal Public Defender review the petition and advise the Court by February 19, 2026, if it will seek appointment in this matter.

(3) The Clerk is DIRECTED to send a copy of this order to Petitioner and to the Office of the Federal Public Defender.

Dated this 12th day of February, 2026.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

ORDER NOTIFYING RESPONDENT OF EX PARTE COMMNUICATION AND PROVISIONALLY
GRANTING AND DIRECTING RESPONDENT TO RESPOND TO TELEPHONIC MOTION FOR
TEMPORARY RESTRAINING ORDER - 4