UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIAN DAVID PALACIOS OBREGON,

Petitioner(s),

v.

PAMELA PONDI, et al.

Respondent(s).

CASE NO. C26-0484-KKE

ORDER PROVISIONALLY GRANTING
TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Petitioner Julian David Palacios Obregon's motion for a temporary restraining order ("TRO"). Dkt. No. 30. To preserve the Court's jurisdiction over this matter, the Court will provisionally grant the TRO and order that Respondents shall not transfer or remove Petitioner from this District pending briefing and a resolution of the underlying motion.

## I.   BACKGROUND

The facts and procedural background of this case are set forth in the Court's prior orders on Petitioner's earlier TRO motions. Dkt. Nos. 7, 8, 24. As relevant here, Petitioner is a citizen and native of Colombia who is detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 20 at 5–6. According to Respondents, Immigration and Customs Enforcement ("ICE") recently discovered Petitioner is a legal resident of Canada. Dkt. No. 14 ¶ 6. Accordingly, ICE served Petitioner with a notice of intent to remove him to Canada. *Id.* ¶ 8.

ORDER PROVISIONALLY GRANTING TEMPORARY RESTRAINING ORDER - 1

However, Petitioner expressed a fear of returning to Canada (*id.* ¶ 9) and has alleged in this case that, in Canada, a Colombian recognized Petitioner for his political activism in their home country, followed Petitioner home, and recorded a video that went viral on social media.  Dkt. No. 1 ¶ 45.  Two days later, Petitioner claims someone broke into his apartment and painted threats on his windows and walls.  *Id.*

After Petitioner expressed a fear of removal to Canada, ICE referred him to U.S. Citizenship and Immigration Services ("USCIS") for a reasonable fear screening process.  Dkt. No. 14 ¶ 9.  That process involved a two-day interview at which Petitioner was represented by a Department of Justice accredited representative.  Dkt. No. 30-1 ¶¶ 2–3.  Petitioner claims that neither he nor his representative were apprised of the outcome of the screening process until Respondents filed their return in this case, in which they indicated that USCIS determined Petitioner had no reasonable fear of returning to Canada.  *Id.* ¶¶ 6–7; Dkt. No. 40 at 2.  Neither USCIS nor ICE has apparently provided a written copy of the determination to Petitioner.  Dkt. No. 30-1 ¶ 8.

On March 4, 2026, Respondents' counsel informed Petitioner's counsel that ICE intends to remove Petitioner to Canada as early as Monday morning, March 9.  Dkt. No. 32-2.

## II.   DISCUSSION

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").  The legal standard governing TROs is "substantially identical" to the standard governing preliminary injunctions.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that

the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Id.* at 20. The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Thus, under the sliding scale approach, a petitioner is entitled to a TRO if he has raised "serious questions going to the merits … and the balance of hardships tips sharply in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).

The Court finds that Petitioner has raised a substantial question as to whether due process requires that he be permitted a reasonable opportunity to move to reopen his removal proceedings before being removed to a country in which he fears violence. Indeed, Petitioner cites several cases holding that, in the third country removal context, due process requires not just an interview with USCIS, but notice and an opportunity to be heard regarding the fear of removal before an immigration judge. Dkt. No. 30 at 2–3 (citing *Gelabet v. Immigr. & Customs Enf't Field Off. Dir.*, No. C26-326-RSM, 2026 WL 621436, at *3 (W.D. Wash. Mar. 5, 2026)). Petitioner faces imminent and irreparable harm absent provisional relief because he will otherwise be removed from the United States as early as Monday morning, separating him from his family members in this country. *See* Dkt. No. 1 ¶ 44. Finally, the balance of the equities and public interest, which merge when the Government is a party, favor provisional relief because the public is served by ensuring its government provides due process to noncitizens in its custody. The Government's interest in effectuating lawful removals is not undermined by a brief delay to consider the merits of Petitioner's TRO motion.

Finally, pursuant to the parties' stipulation, the Court will grant Petitioner's request for an extension of his deadline to file a traverse until March 11, 2026.

ORDER PROVISIONALLY GRANTING TEMPORARY RESTRAINING ORDER - 3

### III.  CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) Petitioner's motion for TRO (Dkt. No. 30) is provisionally GRANTED IN PART pending Respondent's response to the motion.  **Assistant United States Attorney Jordan Carter Stevenson is ORDERED TO IMMEDIATELY take action to prevent any transfer of Petitioner from NWIPC.**

(2) Respondents are PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

(3) Petitioner's motion for an extension of time (Dkt. No. 29) is GRANTED.  Petitioner's traverse shall be due by March 11, 2026.

Dated this 8th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER PROVISIONALLY GRANTING TEMPORARY RESTRAINING ORDER - 4